STATE OF HAWAII, Plaintiff-Appellee,
v.
CHAD W.T. SNIFFEN, Defendant-Appellant.
No. 27449.
Intermediate Court of Appeals of Hawaii.
April 14, 2008.
On the briefs:
John M. Tonaki, Esq., Public Defender, Karen T. Nakasone, Esq., Deputy Public Defendant, (Office of the Public Defender), for Defendant-Appellant.
Davelynn M. Tengan, Esq., Prosecuting Attorney, Arleen Y. Watanabe, Esq., Deputy Prosecuting Attorney (Department of the Prosecuting Attorney), for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, LEONARD, JJ.
Defendant-Appellant Chad W.T. Sniffen (Sniffen) appeals from the Judgment of Conviction and Sentence for the offense of Unauthorized Control of Propelled Vehicle (UCPV), in violation of Hawaii Revised Statutes (HRS) § 708-836 (Supp. 2005), entered on July 20, 2005 by the Circuit Court of the Second Circuit (Circuit Court).[1] The owner of a reported stolen vehicle had discovered a person, later identified as Sniffen, in possession of the vehicle and called the police. Sniffen claimed he did not know the vehicle was stolen. On appeal, Sniffen argues inter alia that the Circuit Court improperly refused to include jury instructions on his proposed mistake-of-fact defense, and that the Deputy Prosecuting Attorney (DPA) made improper comments during closing arguments.
In 2005, the applicable statute, HRS § 708-836 Unauthorized control of propelled vehicle, stated:
(1) A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly[2] exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.
(2) "Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.
(3) It is an affirmative defense to a prosecution under this section that the defendant:
(a) Received authorization to use the vehicle from an agent of the owner where the agent had actual or apparent authority to authorize such use; or
(b) Is a lien holder or legal owner of the propelled vehicle, or an authorized agent of the lien holder or legal owner, engaged in the lawful repossession of the propelled vehicle.
(4) For the purposes of this section, "owner" means the registered owner of the propelled vehicle or the unrecorded owner of the vehicle pending transfer of ownership; provided that if there is no registered owner of the propelled vehicle or unrecorded owner of the vehicle pending transfer of ownership, "owner" means the legal owner.
(5) Unauthorized control of a propelled vehicle is a class C felony.
(emphasis added). The state of mind element of UCPV requires that the defendant intentionally or knowingly exert unauthorized control over another's vehicle. See supra HRS § 708-836(1). The mistake-of-fact defense is codified under HRS § 702-218 (1993), which states:
§ 702-218 Ignorance or mistake as a defense. In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:
(1) The ignorance or mistake negatives the state of mind required to establish an element of the offense; or
(2) The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense.
Sniffen argues that State v. Palisbo, 93 Hawai`i 344, P.3d 510 (App. 2000), does not preclude the mistake-of-fact defense in this case. Sniffen also asserts that the identity of the true owner and consent from that owner are attendant circumstances of an UCPV offense, and that his mistake as to the identity of the true owner negatives the state of mind required to establish an attendant circumstance of the UCPV offense. Therefore, he argues that his mistaken belief that he obtained consent from the true owner negated the requisite state of mind for the offense.
The Palisbo court held that "[i]f [the] Defendant had presented evidence tending to show that he was under the mistaken belief that the owner had authorized him to operate the vehicle, then the jury would have had to be instructed on the mistake of fact defense." Palisbo, 93 Hawaii at 355, 3 P.3d at 521 (emphasis added). In the instant case, the State argues that Sniffen must show he was under the mistaken belief that the "actual owner, Soter, had consented to the use," in order to raise the mistake-of-fact defense. (emphasis added). However, Sniffen argues that Palisbo's facts are different from his case because Palisbo had admitted that he was aware that the person who had authorized his use of the vehicle was not the vehicle's owner. See Palisbo, 93 Hawaii at 349, 3 P.3d at 515.
The Hawaii Supreme Court recently addressed this issue in State v. Mainaaupo, 117 Hawaii 235, 178 P.3d 1, 14-15 (2008). The defendants in Mainaaupo each testified to his mistaken belief that the person who gave consent to use the vehicle was the registered owner of the vehicle. Id., 178 P.3d at 17. The supreme court concluded that the circuit court erred in declining to give their requested mistake-of-fact instructions because "[h]owever weak Lopez and Mainaaupo's testimony may have been, we think that they were each entitled to have the circuit court give their mistake-of-fact jury instructions." Id. (citations omitted). The supreme court also concluded that there was a reasonable possibility that the circuit court's erroneous jury instructions contributed to both defendants' convictions and therefore vacated the judgments against the defendants and remanded their cases for new trials. Id., 178 P.3d at 18.
The supreme court's opinion in Mainaaupo recognized the distinction that Sniffen makes and held that Palisbo "does not speak to the specific question before us." Id., 178 P.3d at 15. Mainaaupo established that a defendant does not need to specifically show that he was mistaken as to obtaining consent from the true owner in order to raise the mistake-of-fact defense. Id., 178 P.3d at 17. In the alternative, the defendant can show that he obtained consent from someone whom he mistakenly thought was the true owner. Id.
Here, Sniffen arguably adduced evidence that he was mistaken as to the identity of the true owner, and thus, mistaken as to obtaining consent to use the vehicle from the true owner. Therefore, the jury should have been instructed as to the mistake-of-fact defense.
Accordingly, we need not reach the other issues raised by Sniffen on appeal.[3] We vacate the Circuit Court's July 20, 2005 Judgment and remand this case for a new trial consistent with Mainaaupo.
NOTES
[1] The Honorable Joel E. August presided.
[2] The offense of UCPV contains a specified state-of-mind requirement, to which HRS § 702-207 (1993) applies:

When the definition of an offense specifies the state of mind sufficient for the commission of that offense, without distinguishing among the elements thereof, the specified state of mind shall apply to all elements of the offense, unless a contrary purpose plainly appears.
[3] We nevertheless note that, in State v. Sale, we held that the claim of the privilege against self-incrimination "is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom." 110 Hawai`i 386, 393, 133 P.3d 815, 822 (2006). Under HRE Rule 513(a), a defense witness's "invocation of his privilege in front of the jury would not have been entitled to any probative weight and could not properly have been considered by the jury." Id. Thus, we concluded in that case that the circuit court did not err in prohibiting the defendant from calling his witness "for the purpose of eliciting a response that the jury could not properly consider." Id. at 393, 133 P.3d at 822 (citations omitted). The DPA's closing argument comments in the case at bar could be interpreted as commenting on Sniffen's failure to call a defense witness who had invoked his Fifth Amendment privilege against self-incrimination. While the statements in this case were ambiguous, such a comment by the State in these circumstances would be improper.